UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HARRIS,

    Plaintiff,                                                          Hon. Janet T. Neff

v.                                                                         Case No. 1:13-CV-543

CATHY STODDARD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Order Access to Law Library, (Dkt. #64), Plaintiff's Motion for Preliminary Injunction, (Dkt. #69), and Plaintiff's Motion for Order to Show Cause, (Dkt. #70). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions all be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

In his Motion to Order Access to Law Library, Plaintiff asserts that on two occasions his requests to access the law library were denied. Plaintiff has failed to allege facts that would support a claim for denial of access to the courts. *See Brown v. Matauszak*, 2011 WL 285251 at *4 (6th Cir., Jan. 31, 2011) (to prevail on a denial of access to the courts claim, the plaintiff must allege that he suffered "actual injury" (i.e., prejudice) to a non-frivolous legal claim). Plaintiff has likewise failed to demonstrate that his legal remedies are insufficient to remedy any injury he might suffer as a result of being denied access to the law library. Finally, the public interest is not served by judicial interference in the management of a correctional institution in the absence of evidence justifying such. Accordingly, the undersigned recommends that Plaintiff's Motion to Order Access to Law Library be **denied**.

In his Motion for Preliminary Injunction, Plaintiff asserts he was assaulted by a group of prison guards and pressured to dismiss the present action. Likewise, in his Motion for Order to Show Cause, Plaintiff alleges that he "was brutally assaulted and told to drop the pending lawsuit." Plaintiff has presented no evidence to support these allegations. Plaintiff has also failed to establish that his legal remedies are insufficient to remedy any injury he might suffer. Finally, the public interest is not served by judicial interference in the management of a correctional institution in the absence of evidence

justifying such. Accordingly, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction and Plaintiff's Motion for Order to Show Cause both be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Order Access to Law Library, (Dkt. #64), Plaintiff's Motion for Preliminary Injunction, (Dkt. #69), and Plaintiff's Motion for Order to Show Cause, (Dkt. #70), all be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 30, 2014   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge