UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HARRIS,

        Plaintiff,                            Hon. Janet T. Neff

v.                                            Case No. 1:13-CV-543

CATHY STODDARD, et al.,

        Defendants.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Urgent Motion. (Dkt. #100, 102). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding*

*Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998).  Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff alleges that he is experiencing retaliation by prison officials for pursuing the present action.  Plaintiff does not request any particular relief.  The Court nevertheless interprets Plaintiff's motions as asserting a request for injunctive relief.  Consideration of the aforementioned factors leads the Court to conclude that injunctive relief is not warranted.  Plaintiff has submitted no evidence supporting his allegations of retaliation.  Thus, Plaintiff has failed to demonstrate that he is likely to prevail on any claim he might pursue regarding such.  Plaintiff has likewise failed to establish that his legal remedies are insufficient to remedy any injury he might have suffered as a result of the alleged retaliation.  Finally, the public interest is not served by judicial interference in the management of a correctional institution in the absence of evidence justifying such.  Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Urgent Motion</u>, (Dkt. #100, 102), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                  Respectfully submitted,

Date:  August 19, 2015    /s/ Ellen S. Carmody
                                                   ELLEN S. CARMODY
                                                   United States Magistrate Judge