UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HARRIS,

Plaintiff,

v

CATHY STODDARD, et al.,

Defendants.
_______________________________/

Case No. 1:13-cv-543

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment (Dkt 121), arguing that Plaintiff failed to meet his burden of proving the elements of his retaliation claim and Defendants should be granted qualified immunity (Dkt 122 at PageID.488, 493). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendants' Motion for Summary Judgment be granted in part and denied in part. The matter is presently before the Court on Defendants' three objections to the Report and Recommendation (Defs. Objs., Dkts 141, 143).[1] Plaintiff did not file any objections to the Magistrate Judge's Report and Recommendation but did file a response to Defendants' objections (Dkt 146). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

[1]This Court granted Defendants' Motion to Amend their Objections to include Defendant Goodrich (Order, Dkt 157). Likewise, this Court will grant Plaintiff's Motion to Amend Order (Dkt 158) in which he requests this Court consider his response to Defendants' objections as "the response to defendant Goodrich['s] amend[ed] objections."

Recommendation to which objections have been made. The Court grants in part and denies in part the objections and issues this Opinion and Order.

**I**

In their "Objection 1," Defendants assert that the Magistrate Judge, who determined that Defendants Apol and Moran were entitled to summary judgment as to Plaintiff's retaliation claims (R&R, Dkt 130 at PageID.575), inadvertently erred in the Conclusion to the Report and Recommendation when she included Defendants Apol and Moran in the list of Defendants who should be *denied* summary judgment (Defs. Objs., Dkt 141 at PageID.602; R&R, Dkt 130 at PageID.581). The Court agrees and will grant this objection. This Court's Order will reflect that Defendants Apol and Moran are granted summary judgment for the reasons stated in the Report and Recommendation.

**II**

The Magistrate Judge concluded that the remaining Defendants were not entitled to summary judgment as to Plaintiff's retaliation claims. Specifically, the Magistrate Judge determined that Plaintiff had alleged that he suffered conduct such as threats of physical violence, deprivation of food, destruction of personal property, loss or destruction of legal materials, and planting of evidence—matters that "cannot reasonably be characterized as inconsequential"—and that Defendants, in contrast, "failed to articulate a persuasive argument or submit admissible evidence supporting the conclusion that the allegations in question are insufficiently adverse to maintain a claim of unlawful retaliation" (R&R, Dkt 130 at PageID.577) (footnote omitted).

In their "Objection 2," Defendants, as a threshold matter, object to the structure by which the Magistrate Judge analyzed their motion. Defendants contend that in applying the retaliation

standard to all thirteen Defendants as a whole, the Magistrate Judge "fail[ed] to analyze the specific conduct of the individuals" (Defs. Objs., Dkt 141 at PageID.602). As to the form of the Magistrate Judge's Report and Recommendation, the Court finds no error. The Magistrate Judge is granted discretion to determine how to most appropriately address all pertinent issues in a report and recommendation. Moreover, for the reasons set forth *infra*, even if the Magistrate Judge had individually analyzed Plaintiff's claims against each Defendant, Defendants' arguments do not demonstrate that a disposition different from the Magistrate Judge's recommendation is warranted.

**A. Defendant Gregory**

Defendants object to the Magistrate Judge's conclusion that Defendant Gregory is not entitled to summary judgment of Plaintiff's retaliation claims. Defendants assert that Plaintiff's claims against Defendant Gregory fail to state a claim because "Plaintiff does not allege what protected activity he was engaged in" (Defs. Objs., Dkt 141 at PageID.602-03). Defendants also assert that even if Defendant Gregory's alleged conduct was adverse, the conduct amounted to only de minimus adverse action (*id.* at PageID.603).

Defendants' objection is properly denied.

As set forth in the Background section of the Report and Recommendation, Plaintiff's allegations identify not only protected activity but also conduct that exceeds de mimimus adverse conduct, as follows:

- Plaintiff filed a grievance against Officer Gregory on January 7, 2013 because Gregory allegedly threatened to harm Plaintiff by poisoning his food, physically assaulting him, and/or destroying his personal and legal property.

- On February 19, 2013, Officer Gregory ripped up Plaintiff's legal and personal documents in his cell and took some legal mail.

- From February 20, 2013, through March 11, 2013, prison staff denied Plaintiff access to the showers and the yard and took some of his food trays. Plaintiff reported the foregoing conduct at security classification hearings and sent letters to Defendants Stoddard, Huss, Norwood, and Breedlove. Thereafter, prison staff, including Defendants Booth, Jameson, Jones, Gregory, Kotowicz, Goodrich, Stevenson, Simon, and Ball, threatened to punish Plaintiff if he continued to file complaints.

(R&R, Dkt 130 at PageID.569). Defendants' objection therefore demonstrates no error by the Magistrate Judge in reaching her conclusion that Defendants failed to demonstrate that summary judgment in Defendant Gregory's favor is warranted.

**B. Defendants Stevenson, Jones, Jameson, Kotowicz, and Goodrich**

Defendants next object to the Magistrate Judge's determination not to consider the Michigan Department of Corrections (MDOC) memorandum Defendants submitted regarding the results of its investigation of Plaintiff's "bad haircut." The Magistrate Judge determined that the memorandum is "inadmissible hearsay" (R&R, Dkt 130 at PageID.576, n.1, citing *Rogers v. Lilly*, 292 F. App'x 423, 428 n.3 (6th Cir., Aug. 22, 2008)). Defendants argue that the memorandum is not inadmissible hearsay evidence because "[i]t is not required that the evidence submitted in support of a motion for summary judgment be in admissible form to be considered by the court—it must be admissible in content such that it would be available at trial" (Defs. Objs., Dkt 141 at PageID.604). Defendants assert that review of the memorandum would have shown that there was no improper conduct on behalf of these Defendants (*id.*).

Defendants' objection is properly denied.

While a nonmoving party need not produce evidence in a "form that would be admissible at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), "the substance must still comport with the rules of evidence, including the rules on hearsay." *Shazor v. Prof'l Transit Mgmt., Ltd.*, 744 F.3d 948, 960 (6th Cir. 2014). Here, Defendants offer the memorandum to prove that there were no

policy violations, i.e., to prove the truth of the matter asserted, *see* FED. R. EVID. 801(c)(2), yet neither in their motion nor in their objections do Defendants identify how the memorandum comports with the rule on hearsay. In short, Defendants' argument does not demonstrate any error by the Magistrate Judge in declining to consider the memorandum.

Defendants also argue that dismissal of the claims against these Defendants was warranted where Plaintiff made only "general" and "naked" allegations that are insufficiently adverse to maintain a claim of unlawful retaliation against them (Defs. Objs., Dkt 141 at PageID.604-605). The Magistrate Judge ably delineated Plaintiff's allegations that he suffered conduct such as threats of physical violence, deprivation of food, destruction of personal property, loss or destruction of legal materials, and planting of evidence (R&R, Dkt 130 at PageID.576). Defendants' argument serves only to demonstrate their disagreement with the Magistrate Judge's conclusion, not any error in the Magistrate Judge's analysis. Therefore, the objection is properly denied.

**C. Defendants Olney and McConkey**

Defendants object to the Magistrate Judge's recommendation to deny summary judgment to Defendants Olney and McConkey. Defendants assert that Plaintiff failed to allege specific statements or dates to support the retaliatory claims against them (Defs. Objs., Dkt 141 at PageID.606). Defendants also point out that while Plaintiff alleges that Defendants Olney and McConkey destroyed property in Plaintiff's cell, Plaintiff "does not allege that it was a retaliatory shake down of his cell nor does he allege a retaliatory motive" (*id.*).

Defendants' objection is properly denied.

Defendants' argument is not supported by a review of the pleadings. As set forth in the Background section of the Report and Recommendation (R&R, Dkt 130 at PageID.569), Plaintiff

alleges in his complaint that "officers Olney, McConkey, First, and Maxim[] made various threats to physically harm [Plaintiff] if he continue[d] to seek redress through the grievance process" (Pl. Compl., Dkt 1 at PageID.4). Plaintiff states that as a result of continuing to use the grievance process, "officer Olney[] and . . . McConkey enter[ed] into [Plaintiff's] cell on [March 29, 2013] and . . . rip[p]ed up [Plaintiff's] personal family and friends pictures, . . .prepared and filed motions, [and] civil complaints," including flushing some documents down the toilet and pouring water and toothpaste over Plaintiff's clothing (*id.* at PageID.5). Defendants' objection therefore demonstrates no error by the Magistrate Judge in reaching her conclusion that Defendants failed to demonstrate that summary judgment in favor of Defendant Olney and McConkey is warranted.

**D. Defendant First**

Defendants object to the Magistrate Judge's recommendation to deny summary judgment to Defendant First. Defendants assert that Plaintiff's allegations indicate conduct that is "de minimus at worst" (Defs. Objs., Dkt 141 at PageID.607).

Again, Defendants' objection does not accurately reflect Plaintiff's allegations. As set forth in the Report and Recommendation (R&R, Dkt 130 at PageID.570), while Plaintiff's complaint includes allegations of verbal harassment, e.g., Defendant First told Plaintiff to "learn how to give good blow jobs and maybe we would consider to stop harassing you" (Pl. Compl., Dkt 1 at PageID.5), Plaintiff also alleges that "officer First[] and Maxim[] refuse[d] to let [Plaintiff][] shower or go to [the] yard when they work[ed]" (*id.*) and "refused to feed" Plaintiff during dinner time on June 2, 2013 (Supp., Dkt 14 at PageID.86). Defendants' objection therefore demonstrates no error by the Magistrate Judge in reaching her conclusion that Defendants failed to demonstrate that summary judgment in favor of Defendant First is warranted.

**E. Defendant Maxim**

Defendants object to the Magistrate Judge's recommendation to deny summary judgment to Defendant Maxim. Defendants assert that Plaintiff's claims against Defendant Maxim are not supported by evidence, constitute de minimus adverse action, and are therefore insufficient to state a claim of retaliation (Defs. Objs., Dkt 141 at PageID.607).

As set forth in the Report and Recommendation and stated *supra,* Plaintiff alleged that Defendant Maxim, in coordination with Defendant First, refused to permit Plaintiff to shower or go to the yard while they were working in his wing. Against Defendant Maxim, Plaintiff additionally alleges that the officer "dump[ed] food out onto [Plaintiff's][] cell floor while [calling Plaintiff] a hoe ass nigga" (Pl. Compl., Dkt 1 at PageID.5). Plaintiff alleged that he reported this incident to "Lt. Butler," but it only resulted in further harassment by Defendants (*id.*). Defendants' objection fails to demonstrate any error and is properly denied.

**F. Defendants Booth, Ball, and Simon**

Defendants object to the Magistrate Judge's recommendation to deny summary judgment to Defendants Booth, Ball, and Simon. Defendants reiterate their argument that "Plaintiff's allegations are without support" (Defs. Objs., Dkt 141 at PageID.608). However, as the Magistrate Judge pointed out, Defendants did not submit any admissible evidence to support their conclusion that the allegations in question are insufficiently adverse to maintain a claim of unlawful retaliation (R&R, Dkt 130 at PageID.577). Defendants' argument does not demonstrate that a disposition different from the Magistrate Judge's recommendation is warranted.

As to Defendant Booth in particular, Defendants highlight an allegation by Plaintiff about Defendant Booth "beating" on Plaintiff's cell door and argue that Plaintiff's allegations against

Booth "do not rise to the level of an adverse action" (Defs. Objs., Dkt 141 at PageID.608). However, as set forth in the Report and Recommendation, Plaintiff also alleged that

> [o]n March 11, 2013, Officer Booth took legal materials from Plaintiff's cell and threw them on the floor. Booth took more legal materials from Plaintiff on March 26, 2013. On April 6, 2013, Booth harassed Plaintiff for filing a grievance against him. Booth also refused to provide Plaintiff breakfast and lunch on April 18 and 19, 2013, and refused to provide him dinner on April 20, 2013.

(R&R, Dkt 130 at PageID.570). Defendants' objection therefore demonstrates no error by the Magistrate Judge in reaching her conclusion that Defendants failed to demonstrate that summary judgment in favor of Defendant Booth is warranted.

**III**

Last, in their "Objection 3," Defendants object to the Magistrate Judge's recommendation to deny Defendants qualified immunity. Defendants argue that "Plaintiff failed to demonstrate that the specific conduct at issue here . . . was a First Amendment violation" (Defs. Objs., Dkt 141 at PageID.608). Defendants opine that Plaintiff must show that "missing *a* meal or *a* shower was so adverse as to deserve First Amendment protection and that the law of the Sixth Circuit plainly put these Defendants on notice" (*id.* at PageID.609). According to Defendants, Plaintiff "did not meet this burden as to any of the harassment claims such as beating on the door, name-calling or throwing papers on the floor during a shake down," and the Magistrate Judge erred in determining that qualified immunity did not apply (*id.*).

Defendant's objection is properly denied.

In response to Defendants' motion, Plaintiff asserted that Defendants' conduct was "because Plaintiff exercised his First Amendment rights by filing multiple complaints against herein Defendants" (Resp., Dkt 125 at PageID.545). Plaintiff asserted that "[t]heir action of four months

of retaliation was absolutely motivated by Plaintiff Harris' engagement in exerciseing [sic] his First Amendment constitutional rights" (*id.*).

Although Defendants again isolate only some of Plaintiff's allegations in an attempt to support their argument, given the tenor and substance of the remaining allegations described in the Report and Recommendation and *supra*, the Court agrees with the Magistrate Judge's determination that "[n]o reasonable officer could have believed that the actions alleged by Plaintiff did not constitute a clear violation of Plaintiff's First Amendment right to be free from unlawful retaliation" (R&R, Dkt 130 at PageID.580). Defendants' objection is properly denied.

**IV**

In sum, this Court grants Defendants' "Objection1" and rejects that part of the Conclusion of the Report and Recommendation including Defendants Apol and Moran in the list of Defendants who should be denied summary judgment (R&R, Dkt 130 at PageID.581). The Court otherwise approves and adopts the Report and Recommendation as the Opinion of this Court. Given the Court's resolution that Defendant Goodrich is neither entitled to summary judgment as to Plaintiff's retaliation claims nor entitled to qualified immunity with respect to such claims, the Court determines that Plaintiff's Motion to Amend Complaint (Dkt 151), requesting to "properly assert the claims against defendant Goodrich," is appropriately denied. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Order (Dkt 158) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Objections (Dkts 141, 143) are GRANTED IN PART and DENIED IN PART, and the Report and Recommendation of the Magistrate Judge

(Dkt 130) is REJECTED IN PART and APPROVED IN PART as the Opinion of the Court, as described herein.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 121) is GRANTED IN PART and DENIED IN PART; specifically, Defendants Apol and Moran are entitled to summary judgment as to Plaintiff's retaliation claims, but Defendants Ball, Booth, First, Gregory, Goodrich, Kotowicz, Jameson, Jones, Maxim, McConkey, Olney, Simon and Stevenson are neither entitled to summary judgment as to Plaintiff's retaliation claims nor entitled to qualified immunity with respect to such claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Dkt 151) is DENIED.

Dated: March, 2016

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge